09-0834-cr
*USA v. Justiniano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of November, two thousand ten.

PRESENT:    ROGER J. MINER
                    CHESTER J. STRAUB
                    DEBRA ANN LIVINGSTON,
                                        *Circuit Judges*.

UNITED STATES OF AMERICA,
            *Appellee*,

        -v.-                                                    No. 09-0834-cr

ISSAC JUSTINIANO,
            *Defendant-Appellant*.[*]

Joel N. Krane, Law Office of Joel N. Krane, Rochester, NY, *for Defendant-Appellant*.

Charles E. Moynihan, Assistant United States Attorney, *for* William J. Hochul, United States Attorney, Western District of New York, Rochester, NY, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

---

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

Defendant-Appellant Issac Justiniano ("Justiniano") appeals from a February 25, 2009 judgment of the United States District Court for the Western District of New York (Larimer, *J.*), convicting him, upon his guilty plea, of one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentencing him to 101 months' imprisonment, to run concurrently with a New York state sentence Justiniano is currently serving, six years' supervised release, and special assessments totaling $300. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Justiniano's sole claim of error on appeal is that the district court erred in failing to suppress evidence obtained in a warrantless November 20, 2006 search of his home by New York state parole officers. He argues that the search violated his Fourth Amendment rights, because the search could not be supported "on a theory of reasonable suspicion or conduct reasonably related to the performance of a parole officer's duty." Appellant's Br. at 14. In reviewing a district court's denial of a suppression motion, we review the court's factual findings "for clear error, viewing the evidence in the light most favorable to the government," *United States v. Lewis*, 386 F.3d 475, 480 (2d Cir. 2004), and we review its legal conclusions *de novo*. *United States v. Miller*, 148 F.3d 207, 213 (2d Cir. 1998).

"The Fourth Amendment restrains the government from performing 'unreasonable searches and seizures.'" *United States v. Lifshitz*, 369 F.3d 173, 178 (2d Cir. 2004) (quoting U.S. Const. amend. IV). While warrantless searches are generally presumed to be unreasonable, *see Griffin v.*

2

*Wisconsin*, 483 U.S. 868, 873 (1987), the Supreme Court has recognized that "[a] State's operation of a probation system . . . presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements," *id.* at 873-74. Searches of probationers "are necessary to the promotion of legitimate governmental interests" based on "the State's dual interest in integrating probationers back into the community and combating recidivism." *Samson v. California*, 547 U.S. 843, 849 (2006). Accordingly, "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable," and a warrant is unnecessary. *United States v. Knights*, 534 U.S. 112, 121 (2001).

Justiniano, moreover, was on parole, not probation, a circumstance resulting in an even further diminished expectation of privacy. *See Samson*, 547 U.S. at 850 (noting that "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation"). Here, upon his release from prison, Justiniano was required to consent, in writing, to numerous conditions of parole, including that he would permit parole officers to search his residence, person, and property at any time. J.A. 114. We have held that "persons on supervised release who sign such documents manifest an awareness that supervision can include intrusions into their residence and, thus, have a severely diminished expectation of privacy." *United States v. Newton*, 369 F.3d 659, 665 (2d Cir. 2004) (internal quotation marks omitted). Therefore, "[w]hether a particular warrantless parole search was unreasonable and thus prohibited by constitutional proscription must turn on whether the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty." *Id.* at 665-66 (internal quotation marks

3

omitted).

On the basis of the record before us, we have no difficulty concluding that the searches conducted by Parole Officers Rusinko and Galbo were "rationally and reasonably related" to the performance of their duties as parole officers. The purpose of the home visit and the subsequent search was to ensure that Justiniano was complying with the conditions of his parole, to which he had consented upon his release from prison. J.A. 22. Justiniano voluntarily permitted Officer Rusinko to enter his residence, as his parole conditions required, at which point Officer Rusinko immediately observed Justiniano's girlfriend and an empty beer box. J.A. 30. Because Justiniano was prohibited from associating with his girlfriend and consuming alcohol while on parole, both of these observations constituted ongoing parole violations. Officer Rusinko further noted that Justiniano appeared to have "glassy eyes," indicating that he may have been under the influence of drugs or alcohol. J.A. 58. "Assuming *arguendo* that reasonable suspicion was even needed when [Justiniano] had already consented to such a search as a condition of obtaining parole," *United States v. Massey*, 461 F.3d 177, 179 (2d Cir. 2006) (citing *Samson*, 547 U.S. at 846-47), the clear parole violations observed by the officers here upon entering Justiniano's residence provided sufficient "reasonable suspicion to conduct a further search for additional contraband," *id.* Accordingly, we conclude that the district court did not err in refusing to suppress the evidence obtained as a result of that search.

We have considered all of Justiniano's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4